IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| WILLIE B. GULLEY, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 08-0938-CV-W-ODS-P |
| ) | Crim. No. 07-0054-01-CR-W-ODS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

ORDER AND OPINION (1) DENYING IN PART MOVANT'S REQUEST FOR
POSTCONVICTION RELIEF AND (2) APPOINTING COUNSEL FOR MOVANT AND
SETTING HEARING ON REMAINING ISSUE

Pending is Movant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. Movant premises his motion on several different claims. The Court concludes that most of Movant's claims do not present grounds entitling Movant to relief and they are denied. However, because a factual dispute must be resolved as to one claim, a hearing will be held on June 29, 2009, at 9:00 a.m.

I. BACKGROUND

On February 6, 2007, an indictment was returned in the Western District of Missouri charging Movant with possession with intent to distribute 50 grams or more of a substance containing cocaine base ("crack"), a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). Also on February 6, 2007, the Government filed an "Information" pursuant to 21 U.S.C. § 851, establishing that Movant had four prior drug related convictions in the State of Missouri. The Information had the effect of increasing Movant's statutory mandatory minimum sentence, pursuant to § 841(b)(1)(A), from ten years to life imprisonment.

On August 9, 2007, Movant appeared before this Court regarding a possible change of plea. He was represented by Assistant Federal Public Defender Laine Cardarella. The hearing was prompted by a letter written to the Court personally by

Movant requesting a meeting to discuss the issue of a better plea deal. The Court informed Movant that Rule 11 of the Rules of Criminal Procedure prohibited the Court from engaging in plea negotiations or participating in plea negotiations between the United States and defendants. However, the Court stated it would answer Movant's questions to the extent possible. Plea Tr. 2. Movant was advised of the sentence that might be imposed following a guilty plea or following a conviction after a jury trial. Plea Tr. 3-4. The Court then adjourned the proceeding to allow Movant to further discuss the decision with his counsel. Plea Tr. 7.

Defense counsel negotiated a Rule11(c)(1)(C) plea agreement with the Government. The Government agreed to dismiss the Information alleging prior convictions and the parties agreed that Movant would receive a stipulated sentence of twenty years imprisonment. The hearing resumed later that day, and Movant informed the Court that he wanted to change his plea to guilty. The Court granted the Government's request to withdraw the § 851 Information. Movant stated that he understood the potential punishments he faced with the § 851 Information in place rather than withdrawn. Plea Tr. 9. Movant stated that he fully understood the contents of the plea agreement and consented to everything contained within it. Plea Tr. 14.

The Court informed Movant that if the Court accepted the plea agreement, it was bound to impose the stipulated sentence of twenty years. Plea Tr. 14. The Court informed Movant of the rights he was waiving by signing the plea agreement, including the right to directly appeal or collaterally attack his conviction. Plea Tr. 15. Movant stated that he had not been coerced or bullied into pleading guilty and that he had been given enough time to think about the decision. He also informed the Court that he was satisfied with the representation he had received from Ms. Cardarella, that he had not asked her to do any investigation that she had failed to do, and that he had not asked her to file any motions that she had failed to file. Plea Tr. 16-17. Movant admitted the facts which gave rise to the criminal charge, including that 30 grams of crack cocaine or cocaine base was recovered from his car, 30 more grams of crack cocaine was found in his apartment, that the cocaine base was his, and that he intended to use and distribute it. Plea Tr. 19-20. Therefore, the Court accepted Movant's guilty plea. Plea Tr. 21-22.

On January 2, 2008, prior to sentencing, Movant moved the Court for substitute counsel and to withdraw his guilty plea. Movant argued that the Court had violated Rule 11 by improperly engaging in plea negotiations. On January 10, 2008, the Court held a hearing regarding Movant's motion. The Court first found that defense counsel had not failed in any respect in her representation of Movant. Hearing Tr. 2. The Court further stated that it did not believe Movant's rights were violated during the change of plea hearing, but the Court stated it would allow Movant to withdraw his guilty plea. Movant stated that what he really wanted was to get his plea "rearranged." The Court informed him that the Court did not have the power to rework an agreement between Movant and the Government. Movant then stated that he did wish to withdraw his plea. The Government informed the Court that it would refile the § 851 Information. Movant stated that he did not want the § 851 Information filed, but the Court advised Movant that it could not prevent such a filing. Hearing Tr. 2-5.

On January 16, 2008, Movant filed a motion to withdraw his motion to withdraw his guilty plea. Movant apologized to the Court and stated that his request to withdraw his guilty plea was based on bad advice and emotions. On January 18, 2008, Movant appeared before the Court for sentencing. Movant informed the Court that he was ready to accept the plea agreement previously set forth and withdraw his motion to withdraw his plea. Sent. Tr. 3. The Court allowed Movant to withdraw his motion to withdraw his plea and allowed the Government to again withdraw the § 851 Information. Sent. Tr. 8. Before the sentence was imposed, Ms. Cardarella stated on the record that Movant had a "pretty rough start to life with his mother having severe mental illness that was undiagnosed for much of his childhood." Sent Tr. 9. The Court then stated that when it previously approved the plea agreement it made the necessary findings under 18 U.S.C. § 3553 to conclude that the sentence agreed to by the parties was a reasonable sentence under all the circumstances. Sent. Tr. 10. Movant was then sentenced to 20 years imprisonment, as stipulated to by the parties.

Movant did not appeal his conviction. Now pending is Movant's request for postconviction relief in which he asks to be resentenced to a lesser term of imprisonment. He bases his motion on several claims of ineffective assistance of

3

Case 4:08-cv-00938-ODS   Document 15   Filed 04/28/09   Page 3 of 11

counsel. He also suggests that his sentence should have been based on powder, rather than crack cocaine.

## II. DISCUSSION

A claim of ineffective assistance of counsel is governed by the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). "This standard requires [the applicant] to show that his 'trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the deficient performance prejudiced his defense.'" Nave v. Delo, 62 F.3d 1024, 1035 (8th Cir. 1995), cert. denied, 517 U.S. 1214 (1996) (quoting Lawrence v. Armontrout, 961 F.2d 113, 115 (8th Cir. 1992)). This analysis contains two components: a performance prong and a prejudice prong.

> Under the performance prong, the court must apply an objective standard and "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance," Strickland, 466 U.S. at 690, while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Id. at 689. Assuming the performance was deficient, the prejudice prong "requires proof 'that there is a reasonable probability that, but for a counsel's unprofessional errors, the result of the proceeding would have been different.'" Lawrence, 961 F.2d at 115 (quoting Strickland, 466 U.S. at 694).

Id. Failure to satisfy both prongs is fatal to the claim. Pryor v. Norris, 103 F.3d 710, 713 (8th Cir. 1997) (no need to "reach the performance prong if we determine that the defendant suffered no prejudice from the alleged ineffectiveness"); see also DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000).

### A. Ineffective Assistance of Counsel

*1. Plea Agreement*

Movant alleges that defense counsel failed to review the plea agreement with him or explain its consequences; that promised changes to the plea agreement were

4

not made; and that counsel threatened Movant that she would withdraw if he did not accept the plea agreement. As to the first allegation, the record in this case makes clear that Movant fully understood the contents of the plea agreement. He knew that the Government had agreed to withdraw the § 851 Information and that he would be sentenced to exactly twenty years of imprisonment. He also knew that he faced a mandatory life sentence if the § 851 Information was not withdrawn and he was convicted.

Movant was also aware that he had waived his rights to appeal his conviction. At the sentencing hearing, Ms. Cardarella informed the Court that Movant had asked her to negotiate for the removal of the waiver of his appeal rights from the plea agreement. She also stated that the had Government refused this request. Sent. Tr. 6. Later in the proceeding Movant acknowledged that he understood that his rights to appeal had been limited by the plea agreement.[1] Sent. Tr. 12. Accordingly, Movant cannot establish that Ms. Cardarella's performance was defective in adequately explaining the contents of the plea agreement to Movant. Further, even if the Court assumes that counsel's performance was deficient, Movant's thorough understanding of the plea agreement's contents requires a finding that he was not prejudiced by counsel's alleged failures.

Movant also asserts that promised changes to the plea agreement were never made. However, the record belies his claim. At Movant's sentencing, counsel stated that Movant had requested that certain changes be made to the plea agreement. Counsel also informed the Court that she had asked the Government to make these changes. Specifically, Movant wanted the waiver of his appeal rights to be removed from the agreement. The Government would not agree to this change. While Movant may not have received the agreement he wanted, he accepted the agreement that was negotiated. He told the Court that he understood that he had waived his rights to

---

[1] The Government asserts that Movant waived his right to file this post-conviction motion. However, the plea agreement states that he waived his rights to directly appeal and to collaterally attack a finding of guilt following acceptance of the agreement. Movant does not attack his conviction with this motion, only his sentence. Therefore, Movant is not barred from raising this challenge.

5

appeal his conviction. Movant cannot establish that he was promised changes would be made to the agreement. However, even if he could, he was fully aware of the contents of the agreement that he signed. Therefore, Movant cannot establish prejudice.

Movant's claim that counsel threatened to withdraw if he did not accept the plea agreement is not substantiated by the documents he offers in support of his motion. Movant provides letters from Ms. Cardarella as exhibits. A letter dated June 25, 2007 shows that Movant asked Ms. Cardarella to withdraw and she specifically advised him that she did not believe there was a basis to withdraw. In a letter dated July 9, 2007, Ms. Cardarella states that she understands that Movant's decision to go to trial is final. She then discusses potential witnesses to testify on his behalf. See Doc. # 2, Exh. 2. Thus, Movant's own exhibits establish that his allegation is unfounded. Likewise, at the change of plea hearing, Movant stated under oath that he had not been coerced or bullied into pleading guilty.[2] Plea Tr. 16. Accordingly, the Court cannot find that Movant was threatened into accepting the plea agreement.

*2. Failure to contest prior convictions*

Movant claims his counsel was ineffective for failing to challenge the convictions used to enhance his sentence under the Sentencing Guidelines and pursuant to §§ 841(b)(1)(A) and 851. Movant contends that using his four prior Missouri convictions in his federal criminal proceeding violated his Fifth Amendment right to a Grand Jury indictment. Specifically, Movant argues that because his state law crimes were not charged by indictment, but rather through information, they could not be used in

---

[2] At various times in his petition, Movant suggests that he is actually innocent of the charge for which he pled guilty and asserts that he only stated what he was required to for acceptance of the plea. He states again that he only entered into the plea agreement because he was being "constantly threatened" that his counsel would withdraw and that he would get a life sentence. An actual innocence claim requires new evidence of factual innocence. Anderson v. United States, 25 F.3d 704, 707 (8th Cir. 1994). Movant does not suggest there is new evidence to contradict the factual basis for his plea; therefore, his claim of innocence does not provide a basis for relief.

6

calculating his federal criminal history category or increasing his statutory range of punishment pursuant to §§ 841(b)(1)(A) and 851.

The Eighth Circuit, as well as other Circuit Courts, have addressed this issue and found that §§ 841(b)(1)(A) and 851 allow for sentencing enhancements based on prior state convictions not charged by grand jury indictment. See United States v. Trevino-Rodriguez, 994 F.2d 533, 537 (8th Cir. 1993) (citing United States v. Espinosa, 827 F.2d 604, 617 (9th Cir. 1987), cert. denied, 485 U.S. 968 (1988)). In the State of Missouri, a criminal charge may be brought by indictment or by information. See, e.g., State v. Hale, 878 S.W.2d 510, 512 (Mo. App. 1994); Mo. Const. Art. I., § 17 (1945). The Fifth Amendment's grand jury indictment requirement is not binding on the states. Hurtado v. People of the State of California, 110 U.S. 516, 535 (1884). The Court would have rejected the argument if it had been made, so Movant was not prejudiced by counsel's failure to assert it.

Movant also contends Federal Rule of Evidence 609 prohibits the use of his prior convictions to enhance his sentence. Rule 609 discusses when evidence of a person's prior convictions can be used for purposes of impeachment when that person testifies at trial, and have no effect upon whether Movant's prior convictions can be used to increase his sentence under the Sentencing Guidelines or pursuant to §§ 841(b)(1)(A) and 851. If counsel had made this argument, it too would have been rejected. Furthermore, counsel effectively negotiated for the dismissal of the § 851 Information in return for a stipulated twenty year sentence. While Movant argues that a ten year sentence would have been more reasonable, he signed a plea agreement stipulating to a twenty year sentence. Once the Court accepted the plea agreement, it was bound to impose the stipulated sentence. Movant was not prejudiced by his counsel's failure to challenge his prior convictions, so this claim of ineffective assistance of counsel is denied.

*3. Failure to investigate and argue mitigating circumstances at sentencing*

Movant claims that his counsel was ineffective for failing to investigate and research mitigating evidence at sentencing, including evidence of Movant's mental

7

health and family background. Counsel made the Court aware of Movant's difficult childhood and the existence of mental illness in his family. Sent Tr. 9. Movant also claims his counsel was ineffective for failing to present an argument at sentencing regarding the 100-to-1 cocaine base to powder cocaine disparity. However, Movant was sentenced to the exact sentence that he agreed to. Once the Court accepted the plea agreement, the Court was bound to impose a twenty year sentence. Thus, even if counsel had argued for a lesser sentence, the Court would still have imposed the stipulated sentence.

*4. Failure to argue for recusal*

Movant claims that counsel should have argued for the undersigned to recuse himself after allegedly violating Rule 11 of the Federal Rules of Criminal Procedure during the change of plea hearing. After accepting Movant's guilty plea and the stipulated plea agreement on August 9, 2007, the Court received a letter from Movant asking to withdraw his guilty plea based on this Court's alleged violation of Rule 11 by participating in plea negotiations. On January 10, 2008, after finding that it was unlikely that any violation had occurred, the Court allowed Movant to withdraw his guilty plea. Thus, even if Rule 11 was violated, Movant was not prejudiced because he was allowed to withdraw his guilty plea and rescind the plea agreement, and there was no basis for the undersigned to recuse. Additionally, less than a week later, Movant filed a motion to withdraw his motion to withdraw his guilty plea. Movant apologized to the Court and stated that his request to withdraw his guilty plea was based on bad advice and emotions. On January 18, 2008, the Court granted Movant's motion to withdraw his motion to withdraw his guilty plea and Movant was sentenced pursuant to the stipulated plea agreement. Accordingly, if Movant's counsel had filed a motion for recusal, it would have been denied, and Movant was not prejudiced by his counsel's alleged failure to move for recusal.[3]

---

[3] Movant also argues the undersigned should have recused himself on his own motion. For the reasons stated above, the Court concludes recusal was not warranted. Further, Movant was not prejudiced even if recusal would have been appropriate

8

*5. Failure to file notice of appeal*

In Movant's memorandum in support of his motion for relief, Movant alleges that after his sentencing hearing, he told his counsel that he wanted to appeal his sentence. He states that counsel refused to file a notice of appeal, telling him that he could not appeal because he waived his right to appeal as part of the plea agreement. In his affidavit, Movant avers that he then tried to call counsel shortly after his sentencing to tell her that he had changed his mind and now wanted to file an appeal. However, he states that he couldn't reach her; "her phone was not accessible." In this reply brief, Movant admits that before leaving the courthouse on the day of his sentencing, he told counsel that he did *not* want to appeal, but then changed his mind almost immediately. He states that as soon as he was returned to the county jail he tried to contact counsel "numerous time" but could not reach her.

Ms. Cardarella has provided an affidavit stating that she received two letters from Movant five days after his sentencing. In each letter, Movant complained about the length of his sentence and expressed dissatisfaction with the conditions at the county jail. She also avers that neither letter asked her to file a notice of appeal on Movant's behalf. Her affidavit states that her office is "staffed with a full-time receptionist, legal secretary, a paralegal, and an administrative officer, all of whom are responsible for answering telephone calls." She has a voicemail system so that messages can be left for her if she is not in the office when a call comes in for her. She maintains that she does not believe she received a call or message from Movant informing her that he wished to exercise his appeal rights. See Doc. # 9, Exh. A.

A "counsel's failure to file a notice of appeal when so instructed by the client constitutes ineffective assistance of counsel for the purpose of section 2255." Estes v. United States, 883 F.2d 645, 648 (8th Cir. 1989) (internal citations omitted). Movant's plea agreement specifically limited his right to appeal or collaterally attack "a finding of guilt." However, it did not limit Movant's rights to appeal or collaterally attack his sentence. While Movant's version of the facts is inconsistent and somewhat

---

because Movant was allowed to withdraw and then reinstate his plea of guilty.

9

contradictory, accepting Movant's version as true may entitle him to relief. A hearing is required to resolve this factual dispute. The Court further concludes counsel should be appointed. Roney v. United States, 205 F.3d 1061 (8th Cir. 2001). The Court hereby appoints Dana M. Altieri to represent Movant for the purposes of the hearing. Ms. Altieri shall enter her appearance in this matter.

## B. Drug Type

Movant claims that his guilty plea was to a violation involving cocaine, not crack cocaine and that the Government did not show that what he possessed was anything but cocaine. However, the indictment charges that Movant did "knowingly and intentionally possess, with intent to distribute, fifty (50) grams or more of a mixture and substance containing a detectable amount of cocaine base ('crack'), a Schedule II Controlled Substance." The factual basis recited in the plea agreement identified the substances seized as both crack cocaine and powder cocaine, and used the terms cocaine base and crack cocaine interchangeably. While under oath during his change of plea hearing, Movant admitted to the facts in the plea agreement, including to the description of the drugs found in his possession as "crack cocaine." Plea Tr. 19-20. Accordingly, Movant has waived any challenges to the drug type.

## III. CONCLUSION

Movant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 presents several claims of ineffective assistance of counsel and a substantive claim for relief. A hearing will be held on June 29, 2009, at 9:00 a.m. The subject of the hearing will be limited to Movant's claim that his attorney was ineffective for failing to file a notice of appeal. The Court concludes that each of Movant's other claims do not entitle him to relief.

The Clerk of Court shall mail copies of this Order to:

10

Willie B. Gulley, Jr.  Dana M. Altieri
Reg. No. 19723-045  114 Southwest Third St.
Oxford Federal Corrections Institution  Lee's Summit, MO 64063
Inmate Mail/Parcels
P.O. Box 1000
Oxford, WI 53952

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: April 28, 2009  UNITED STATES DISTRICT COURT

11